NOT RECOMMENDED FOR PUBLICATION
File Name: 12a1014n.06

No. 11-2174

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Sep 17, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHANDRA HICKS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, MOORE, and McKEAGUE, Circuit Judges.

**MERRITT, Circuit Judge.**  In this direct criminal appeal the defendant raises one issue, as

follows:

Whether the district court erred in assessing two points for obstruction of justice
under U.S.S.G. 3C1.1 for alleged perjury by defendant at trial.

At sentencing, as quoted below, the court sufficiently identified the perjured testimony under *United*

*States v. Sassanelli*, 118 F.3d 495, 501-02 (6th Cir. 1997):

THE COURT:  All right.  Well, based on my review of the transcript and as well as
my recollection of the testimony at the trial, I do believe that the defendant
committed perjury.  Her statement that she had been taught or had been told that she
could put down on a tax return up to 10 percent of a taxpayer's income for charitable
contribution without any statements or in fact without any representation by a
taxpayer that such an expense had in fact occurred, that such contributions had been
made does seem not credible to the Court.

The defendant had been taught extensively how to prepare tax returns. She indeed then became a teacher of others of how to prepare tax returns. There's no evidence that came to light at the trial to substantiate defendant's statement that she had been taught that that was appropriate to take up to 10 percent of taxpayers' income and then use that as a deduction for a charitable contribution and the Court does agree with the government that it does defy common sense as well.

The government rightfully points to the fact that the defendant acted fraudulently as well in supplying the taxpayers with blank receipts to substantiate charitable contributions and that kind of fraudulent activity in connection with the charitable contribution activity I think further cements the view that the defendant was not being truthful in court when she testified regarding her belief that this 10 percent rule is something that she had been taught, so I do think that based on a preponderance of the evidence the defendant did give knowingly false and material testimony. The testimony was of course relevant and material to one of the theories of the government that the defendant had prepared tax returns with deductions that the defendant knew were not proper. So under the guideline section 3C1.1, the Court will add two levels.

(Sentencing Tr. at 12-13).

The Court further explained:

THE COURT:

This Court sat through the trial and heard the testimony. This Court doesn't think this defendant is unintelligent or under-educated. This Court thinks she was quite savvy in understanding how tax returns are to be prepared and how they can be prepared illegally so as to produce a profit for the preparer and a refund for a taxpayer and of course an unwarranted loss for the government.

\* \* \*

The videotape which the Court reviewed with the jury along with other evidence in the trial demonstrated that the defendant was very much aware of what she was doing in this Court's estimation and not someone who had simply bumbled or stumbled in tax preparation.

(*Id.*, at 30-31).

Based on the record in the jury trial, it seems clear that the defendant knew she was lying when she testified about her understanding of the charitable deduction.

Accordingly, the judgment of the district court is affirmed.